UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ETON PHARMACEUTICALS, INC.,

Plaintiff,

v.

EXTREME V, INC. and JOHN WU,

Defendants.
_______________________________/

Case No. 2:25-cv-12561

HONORABLE STEPHEN J. MURPHY, III

**CASE MANAGEMENT ORDER**

After the Court granted counsel for Extreme V's motion to withdraw, the Court ordered Extreme V to retain new counsel within fourteen days. ECF No. 35, PageID.217; *see also* ECF No. 36 (certificate of service of Court's September 25 order on Extreme V). More than a month has passed, however, and Extreme V has not done so, nor has it made any indication that it intends to defend the action. In a unilateral status report, Eton noted that its counsel spoke with John Wu who received and understood the Court's order but stated that Extreme V had not retained new counsel. ECF No. 37, PageID.222. Mr. Wu is also a Defendant in the instant action, and the Clerk previously entered default against him. ECF No. 20. Accordingly, Eton requested that default judgment be entered against Extreme V as well. ECF No. 37, PageID.222–223.

Prior to obtaining a default judgment, however, the Clerk must enter default. *See* Fed. R. Civ. P 55(a). Rule 55(a) requires the Clerk to enter default "[w]hen a party

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."

Here, Extreme V initially defended the case; it moved to dismiss the complaint and answered the complaint before its counsel withdrew. *See* ECF Nos. 16, 30. Extreme V did not respond or follow the Court's order to obtain new counsel even though, as a corporation, it cannot proceed pro se. *See Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (explaining that "under longstanding tradition, a corporation can only appear by an attorney" (quotations omitted)). It is clear from Extreme V's actions and Eton's representations that Extreme V refuses to defend the case. The Court must therefore ensure that the Clerk may properly enter default.

The Sixth Circuit has not decided whether the phrase "otherwise defend" can apply to a party's failure to defend after they answered. *See Oakworth Cap. Bank v. 6101 Sligo, LLC*, No. 3:23-cv-01144, 2024 WL 3440246, at *4 (M.D. Tenn. Apr. 1, 2024). Circuits are split on the issue. A "majority of circuits" that have considered the question, however, allow for the entry of default under Rule 55(a) for a party's inaction after an answer. *Id.* (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (collecting cases)). *But see Bass v. Hoagland*, 172 F.2d 205, 209–11 (5th Cir. 1949) (holding that default is not appropriate for a defendant who failed to appear at trial); 10A *Wright & Miller's Federal Practice & Procedure* § 2682 (4th ed. 2026) (explaining that the "Bass court's conclusion seems preferable").

Courts in this district consistently allow for defaults to be entered against corporations that fail to obtain new counsel after initially defending the case. *See Barnes v. G4S Secure Sols. (USA) Inc.*, No. 23-cv-12897, 2025 WL 698706, at *1 (E.D. Mich. Mar. 4, 2025) (White, J.) (citing *Youngsoft, Inc. v. Skylife Co.*, No. 20-12800, 2021 U.S. Dist. LEXIS 195784, at *3–4 (E.D. Mich. Oct. 21, 2021) (Cleland, J.) (collecting cases)).

The Court agrees with its colleagues that the plain meaning of "otherwise defend" is sufficiently broad to cover a party's failure to defend after the pleading stage. The rule explicitly contemplates two scenarios where the clerk can enter default: (1) when a defendant "fail[s] to plead" or (2) when it fails to "otherwise defend." Fed. R. Civ. P. 55(a). Entering default only if a defendant fails to plead would render the broad phrase "otherwise defend" superfluous. *See Nielsen v. Preap*, 586 U.S. 392, 414 (2019) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 174 (2012)). A clerk's entry of default as to Extreme V, therefore, would be appropriate here.

Eton argued that a default judgment should be entered against both Defendants. ECF No. 37, PageID.222–223. If Eton still seeks a default judgment, it must first request that the Clerk enter default as to Extreme V. *See* Fed. R. Civ. P. 55(a). After the Clerk does so, Eton must move for a default judgment. *See* Fed. R. Civ. P. 55(b)(2). The motion must include sufficient legal analysis for the Court to determine whether, accepting the well-pleaded allegations as true, that Eton is entitled to judgment against both Extreme V and Mr. Wu. *Ford Motor Co. v. Cross*,

441 F. Supp. 2d 837, 846 (E.D. Mich. 2006); *see also Thomson v. Wooster*, 114 U.S. 104, 111 (1885) ("The bill, when confessed by the default of the defendant, is taken to be true in all matters alleged with sufficient certainty; but in respect to matters not alleged with due certainty, or subjects which from their nature and the course of the court require an examination of details, the obligation to furnish proofs rests on the complainant." (quotation omitted)). Eton must file its motion no later than twenty-eight days from the entry of this order.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff must **MOVE** for a default judgment against both Defendants **no later than twenty-eight days from the entry of this order**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 2, 2026